From:  The District Court of the Third Judicial District. County of Deer Lodge.

STATE OF MONTANA, Plaintiff, vs. VERLIN HOFFHINE, Defendant.

NO. 2298

## DECISION

The application of the above-named defendant for a review of the sentence of 50 years for Rape imposed but commuted to 35 years in March, 1969, imposed on September 26, 1953, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as commuted.

Rape may be punished by 99 years imprisonment. This rape was of a female incapable through unsoundness of mind of giving legal consent, a runaway from the State Training School. The sentence was by the judge following conviction by jury trial. While it may be that the girl's status was unknown to the defendant and defendant has no prior convictions, defendant has had, besides commutation, three paroles, each of which he violated, the latest in October, 1967. Considering these circumstances and the presumption that the sentencing judge was correct in his initial determination and that the commutation was thereafter correctly granted, we are unable to say that the sentence, as commuted, was not proper, reasonable, and sufficiently lenient in all respects.

We thank Patrick D. Sherlock, Esq., of the Montana Defender Project for his assistance to the defendant and to the Court.

DATED this 14th day of April, 1970.

SENTENCE REVIEW DIVISION

Philip C. Duncan, Chairman; Paul G. Hatfield, Jack D. Shanstrom.

From:  The District Court of the Second Judicial District. County of Silver Bow.

STATE OF MONTANA, Plaintiff, vs. GEORGE JONES, Defendant.

NO. 8437

## DECISION

The application of the above-named defendant for a review of the sentence of 25 years for Second Degree Murder, imposed on March 22, 1957, was fully heard and after a careful consideration of the entire matter it is decided that:

The sentence be and remain as originally imposed.

Second degree murder may be punished by life imprisonment or any number of years not less than 10. Defendant stabbed a woman through the heart during a drunken argument. While defendant does not have a prior felony conviction, he was paroled once and violated that parole in July, 1963, by beating and choking a woman during another drunken argument. In the face of these circumstances and the presumption that the sentencing judge was correct in his determination, and although the Boise, Idaho, branch of the Salvation Army has offered to aid defendant if paroled, we are unable to say that the sentence was not proper, reasonable, and sufficiently lenient in all respects.

We thank John D. Alexander, Esq., of the Montana Defender Project for his assistance to the Court and to the defendant.

DATED this 14th day of April, 1970.

SENTENCE REVIEW DIVISION

Philip C. Duncan, Chairman; Paul G. Hatfield, Jack D. Shanstrom.